[Cite as *Cleveland v. Tome*, 2026-Ohio-2085.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                       :

    Plaintiff-Appellee,            :

                               No. 115644

    v.                             :

RODD TOME,                               :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2026

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2025-CRB-004405

---

## *Appearances:*

Mark D. Griffin, City of Cleveland Law Director, and Margaret Scott, Assistant Prosecuting Attorney, *for appellee.*

John H. Lawson, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Rodd Tome appeals his conviction for assault in violation of R.C. 2903.13, a first-degree misdemeanor, for knowingly causing or attempting to cause physical harm to another and the resulting 18-month term of community-control sanctions. For the following reasons, we affirm.

{¶ 2} Tome was convicted of assault arising from a not-so-neighborly dispute. He and the victim began arguing over trash in his yard one morning as the victim was leaving her house with her eight-year-old son for work and school. Tome tossed trash into the victim's yard that he believed to be left by the victim. The verbal dispute quickly became physical, with the victim claiming Tome attacked her and Tome claiming the opposite. Both parties exhibited injuries, although the victim appeared worse for it, having lost a braid that was pulled from her scalp and incurring visible abrasions and bruising on her elbows, knees, and face. According to the officers, Tome suffered a bruise to one of his knees, but no medical records were introduced to substantiate any further injuries.[1] The victim claims the attack occurred on the sidewalk while Tome claims the victim approached him on his porch where he was hit with a short section of two-by-four lumber. The victim confirmed holding the two-by-four but claims it was in self-defense because Tome had a knife, which in reality appears to have been a small hand-held drywall saw he was using for renovations being done on the property. Tome claims the victim grabbed the knife off his porch after hitting him in the knee with the two-by-four and he swung a pipe or piece of wood to disarm her. Both

---

[1] The extent of Tome's injury to his knee is unclear. Although the officers testified to bruising on one of his knees, Tome stated that when he was taken to the hospital, "they took ex-rays, and they had big ass – I broke both my kneecaps, and I had a big two-by-four smashed on my [knee] caps. And I had puncture wounds from the knife which she was sticking me with that she picked up off the stairs." Tr. 66:1-9. Tome later clarified that the victim did not break his kneecaps; he was referring to past injuries. *Id*. at 67:5-7.

parties called authorities to report the incident, although the responding officer concluded that Tome was the instigator.

{¶ 3} In the two assignments of error, Tome claims his conviction entered following a bench trial is in error because he "submitted legally sufficient evidence that his use of force was in self-defense" of himself or his residence. Before a trier of fact considers the claim of self-defense, "the defendant has the burden of producing legally sufficient evidence of self-defense to trigger the state's [burden of persuasion] to overcome that evidence" at trial. *State v. Messenger*, 2022-Ohio-4562, ¶ 19; *see also State v. Barker*, 2023-Ohio-453, ¶ 47 (8th Dist.) ("[The defendant] has the burden of producing sufficient evidence he acted in self-defense" in order to instruct the jury on the affirmative defense at trial.). However, the State's "burden of disproving the defendant's self-defense claim beyond a reasonable doubt is subject to a manifest-weight review on appeal," not a sufficiency review. *See Messenger* at ¶ 27. Insofar as Tome argues that there was sufficient evidence to justify his use of force, that argument is only relevant to whether the affirmative defense is considered by the trier of fact triggering the burden-shifting framework under R.C. 2901.05. It does not address the merits of the self-defense claim following a verdict.

{¶ 4} The trial court considered Tome's claim of self-defense at trial, as evident, for example, from Tome's counsel first broaching the possibility of asserting self-defense at the initial pretrial. Tr. 3:7-17 (June 17, 2025 proceeding). Tome's argument throughout trial continued to present the argument beginning with the

opening statement in which it was argued that "Mr. Tome was not at fault for creating the situation. He was not the initial aggressor . . . . [O]n this day in question, Mr. Tome was in his right to use self-defense." Tr. 5:11-7:17 (August 19, 2025 trial proceeding). That self-defense theme carried into Tome's oral motion for acquittal under Crim.R. 29 following Tome's testimony. *Id.* at 55:3-56:12. Importantly, the city addressed the self-defense argument raised; it did not claim the municipal court could disregard it. *Id.* at 80. Nothing in the record indicates that the trial court precluded Tome from pursuing the claim or that the defense was not considered at the bench trial. As a result, it can only be concluded that the trial court tacitly agreed there was sufficient evidence warranting consideration of the defense, rendering Tome's claims in this appeal moot.

{¶ 5} Inasmuch as Tome's arguments lend themselves to being construed as challenging the weight of the evidence, that claim is also without merit.

{¶ 6} When evaluating a claim that a jury verdict is against the weight of the evidence, appellate courts "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial." *State v. Wilks*, 2018-Ohio-1562, ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997); *State v. Jordan*, 2023-Ohio-3800, ¶ 17. Reversing a conviction based upon the weight of the evidence occurs "'only in the exceptional

case in which the evidence weighs heavily against the conviction.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 7} In order to disprove the claim of self-defense, the State must present evidence "'beyond a reasonable doubt that the defendant: (1) was at fault in creating the situation giving rise to the affray; (2) did not have reasonable grounds to believe or an honest belief that he or she was in imminent danger of bodily harm; or (3) violated a duty to retreat or avoid danger.'" *State v. French*, 2024-Ohio-1256, ¶ 25 (1st Dist.), quoting *State v. Gibson*, 2023-Ohio-1640, ¶ 11 (1st Dist.). The first and third elements are straightforward and are applied as written. As to the second element, "'the test for a bona fide belief of imminent bodily harm is both objective and subjective: whether the defendant's belief is objectively reasonable and whether the defendant subjectively had an honest belief of imminent bodily harm.'" *Id*. at ¶ 26, quoting *State v. Warth*, 2023-Ohio-3641, ¶ 29 (1st Dist.).

{¶ 8} Tome's argument, even if construed as a claim that the trier of fact lost its way in rejecting his assertion of self-defense, is solely focused on his subjective beliefs to the exclusion of the victim's testimony. Both parties presented their versions of the events at trial, and the municipal court believed the victim's version to be more credible. It is well settled that "'a conviction is not against the manifest weight of the evidence simply because the [trier of fact] rejected the defendant's version of the facts and believed the testimony presented by the state.'" *State v. Jallah*, 2015-Ohio-1950, ¶ 71 (8th Dist.), quoting *State v. Hall*, 2014-Ohio-2959, ¶ 28 (4th Dist.); *see also State v. Kouame*, 2020-Ohio-3118, ¶ 53 (8th Dist.);

*State v. Agnew*, 2024-Ohio-874, ¶ 25 (12th Dist.). This is because the trier of fact is free to believe all, some, or none of the evidence presented by the State or defense at trial. *State v. Smith*, 2010-Ohio-4006, ¶ 16 (8th Dist.).

{¶ 9} The victim's testimony establishes that Tome caused physical harm to the victim during what began as a verbal altercation. The responding police officer confirmed that the victim had visible injuries from the scuffle. More important for the purposes of our review, the victim's testimony has not been demonstrated to be inherently incredible despite the minor discrepancies in her retelling of the incident, such as whether Tome was holding what was described as a knife or not. Without more, we cannot conclude that the trial court, sitting as the trier of fact, lost its way in this particular case.

{¶ 10} This is not the exceptional case warranting appellate intervention, and as a result, the conviction is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
TIMOTHY W. CLARY, J., CONCUR